UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JHT TAX LLC d/b/a LIBERTY TAX SERVICE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Cause No. 1:23-CV-82-HAB ) |
| JULIANNE RICHARDSON d/b/a TAXES & MORE, | ) ) ) |
| Defendant. | ) |

**ORDER**

Now before the Court is the parties' Stipulated Injunction and Order of Dismissal (ECF No. 26). Having reviewed the stipulation, the Court now orders as follows.

Commencing on the date of this Order, Defendant, together with her respective officers, agents, servants, and employees, and any other person in active concert or participation with Defendant, is enjoined:

1. From directly or indirectly, for a fee or charge, preparing or electronically filing income tax returns, or offering Financial Products[1] anywhere within the territory referred to in the Franchise Agreement as IN223, which is located in and around Fort Wayne, Indiana (the "Territory") until June 15, 2025;

2. From directly or indirectly, for a fee or charge, preparing or electronically filing income tax returns, or offering Financial Products within twenty-five miles of the Territory until June 15, 2025;

---

[1] Terms used in this Order shall have the meaning set forth in Plaintiff's Verified Complaint and its attachments. (ECF No. 1).

3. From using any Liberty trademarks or service marks or any confusingly similar name, device, mark, trademark, trade name, slogan, or symbol used in connection with any Liberty Tax Service® franchise, including any reproduction, counterfeit copy, variation, emulation, or colorable imitation thereof in a manner which is likely to cause confusion or mistake or deceive the public;

4. From employing or seeking to employ any person who is employed by Liberty or any Liberty franchise, or otherwise induce or seek to induce such person to leave his or her employment;

5. From using any of Liberty's Confidential Information as set forth in Section 12(a) of the Franchise Agreements, including, but not limited, to methods of operation, customer information, and marketing information;

6. From directly or indirectly soliciting any person or entity served by the former Franchised Business in the twelve (12) months prior to termination within twenty-five miles of the Territory, for the purpose of offering such person or entity, for a fee or charge, income tax preparation, electronic filing of tax returns, or Financial Products until June 15, 2025;

7. From using any of Liberty's distinctive, proprietary or confidential operational, administrative or advertising techniques, systems or know-how, or trade secrets that Liberty disclosed to Defendant; and

8. From holding herself out as a current or former franchisee of Liberty.

Defendant is further ordered, within ten days of this Order, to:

1. Deliver to Plaintiff all customer files, operating manuals, proprietary information, confidential material, marketing and advertising materials, customer lists, and any other written materials containing any of Plaintiff's trademarks, confidential information, or otherwise related

to Defendant's former Franchised Business, within Defendant's possession, custody, or control; and

2. Deliver to Liberty an electronic database and hard copy list identifying the names, addresses, e-mail addresses or phone numbers for customers serviced by Defendant's former Franchised Business, within Defendant's possession, custody, or control.

With all claims having been resolved by the parties, this case is DISMISSED with prejudice, with each party to bear its own costs and attorneys' fees. The Clerk is DIRECTED to close this case.

SO ORDERED on September 29, 2023.

                                            s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT